USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS MORALES, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

UVERAL MEAT MARKET & GROCERY CORP., JAHN CRUZ YNFANTE, MAYELIN CRUZ and JONATHAN VARGAS,

Defendant.

1:24-cv-8609-MKV

**OPINION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this Fair Labor Standards Act action by filing a complaint on November 13, 2024. [ECF No. 1.] Thereafter, Plaintiff filed on the docket affirmations of service on Overal Meat Market & Grocery Corp. ("Overal Meat"), Jahn Cruz Ynfante, Mayelin Cruz, and Jonathan Vargas. [ECF Nos. 7-10]. According to those filings, Overal Meat's response to the complaint was due on December 16, 2024, Ynfante's response was due on February 3, 2025, Cruz's response was due on February 5, 2025, and Vargas's response was due February 14, 2025. [ECF Nos. 7-10]. No responses were filed. Accordingly, at Plaintiff's request, the Clerk of Court issued a Certificates of Default for each defendant and Plaintiff moved for default judgment against Overal Meat, Jahn Cruz Ynfante, and Mayelin Cruz, and voluntarily dismissed claims against Jonathan Vargas. [ECF Nos. 31-38]. After review of Plaintiff's motion, the Court issued an order scheduling a default judgment hearing for May 13, 2025 and directed Plaintiff to the scheduling order on the remaining Defendants. [ECF No. 41]. Subsequently, Defendants' counsel appeared and filed a a Rule 7.1 Corporate Disclosure Statement and an Answer. [ECF Nos. 43-45].

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and

second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Instead, an entry of a default judgment is in the sound discretion of the trial court. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Here, the Defendant has appeared and filed an answer, albeit several months late, allowing the Court to resolve this dispute on the merits. [ECF Nos. 43-45].

Accordingly, Plaintiffs' motion for entry of a default judgment is DENIED and the default hearing scheduled for May 13, 2025 is HEREBY ADJOURNED *sine die*.

IT IS FURTHER ORDERED that the parties shall immediately commence discovery, if not already commenced, including the exchange of initial disclosures, as set forth in Federal Rule of Civil Procedure 26.

IT IS FURTHER ORDERED that within 14 days of this Order, the parties shall meet and confer to discuss the possibility of settlement for at least one hour.

IT IS FURTHER ORDERED that on or before June 11, 2025 the parties shall file on ECF a Joint Letter and Proposed Case Management Plan, as described in the Court's Individual Rules of Practice in Civil Cases.  The joint letter may not exceed 6 pages and must include the following:

1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case;

2. A brief statement by the plaintiff, or by the defendants in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In cases invoking the Court's diversity jurisdiction, the parties should state both the place of incorporation and the principal place of business of any party that is a corporation, and the citizenship of all members, shareholders, partners, and/or trustees of any party that is a partnership, limited partnership, limited liability company, or trust;

3. A statement of procedural posture, including

   a. A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the conference;

   b. A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future; and

   c. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

4. Any other information the parties believe may assist the Court in resolving the action.

Any request for an adjournment must be filed on ECF at least 72 hours before the deadline.

**The parties are reminded that failure to comply with this Order or with any order of the Court or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or their discovery or other obligations may result in sanctions, including**

**monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 31.

**SO ORDERED.**

**Date:  May 7, 2024**
       **New York, NY**

                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**