USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCOS MORALES, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

UVERAL MEAT MARKET & GROCERY CORP., JAHN CRUZ YNFANTE, MAYELIN CRUZ and JONATHAN VARGAS,

Defendant.

---

1:24-cv-8609-MKV

**OPINION AND ORDER**
**APPROVING SETTLEMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Marcos Morales, on behalf of himself and all other similarly situated, filed this action asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL") against Defendants Uveral Meat Market & Grocery Corp., Jahn Cruz YnFante, Mayelin Cruz, and Jonathan Vargas. [ECF No. 1 (the "Complaint")]. Plaintiff subsequently filed a motion for default judgment against all Defendants except Jonathan Vargas. [ECF No. 31]. In an affirmation supporting the motion for default judgment, Plaintiff requested a sum certain of $43,514.29 in total alleged damages, which consisted of $16,757.14 in unpaid minimum and overtime wages, $16,757.14 in liquidated damages, and $10,000 in damages for willful violations of NYLL § 195. [ECF No. 32 at ¶ 25]. On the same day Plaintiff filed his motion for default judgment, Plaintiff also filed a stipulation of voluntary dismissal without prejudice as to Defendant Vargas. [ECF No. 36]. After confirming that Plaintiff and Defendant Vargas had not reached any settlement that would necessitate *Cheeks* review, [ECF Nos. 38, 39], the Court so ordered Plaintiff's voluntary dismissal of his claims against Defendant Vargas. [ECF No. 40].

Thereafter, the remaining Defendants appeared and answered the Complaint. [ECF Nos. 43, 45]. Accordingly, the Court denied Plaintiff's motion for default judgment. [ECF No. 46]. The Court referred the case to mediation under Local Rule 83.9 and informed the parties that "in the event the parties reach settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), they shall prepare a joint letter explaining the basis for the proposed settlement, including any provision for attorney fees, and why it should be approved as fair and reasonable." [ECF No. 49].

The mediator subsequently informed the Court that the parties had reached a settlement in principle. [ECF No. 53]. The parties initially moved for settlement approval pursuant to *Cheeks*, but failed to include all materials necessary for such approval, namely the retainer agreement between Plaintiff and his counsel and invoices documenting costs Plaintiff's counsel sought to recover. Thus, the Court denied the motion for settlement approval without prejudice to renewal. [ECF No. 56]. The parties have now submitted a revised motion with the materials necessary for the Court to rule on the motion for settlement approval pursuant to *Cheeks*. [ECF No. 57]. Specifically the parties have submitted: (1) a joint letter explaining why their proposed settlement is fair and reasonable, which letter also addresses the reasonableness of Plaintiff's requested attorneys' fees and costs [ECF No. 57 (the "Letter" or "Ltr.")]; (2) a copy of the settlement agreement [ECF No. 57-1); and (3) documentation supporting the application for attorneys' fees and costs. [ECF Nos. 57-2 (the "Retainer Agreement"), 57-3, 57-4]. For the reasons set forth below, the motion for settlement approval is GRANTED.

## **DISCUSSION**

It is settled law that a compromise of FLSA claims requires approval by either the Court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. In determining whether to approve a

2

settlement, a district court must scrutinize the settlement for fairness and reasonableness. *Id.* at 206-07; *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 315 (S.D.N.Y. 2021). In conducting this analysis, the Court considers the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. American Cancer Soc.*, No. 10-CV-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation" to support the request. *Id.*

Having carefully scrutinized for fairness the settlement and the documents submitted in support of the revised motion for approval, the Court concludes that the terms are fair and reasonable. The proposed settlement requires Defendants to pay Plaintiff $19,000. Ltr. at 2. After subtracting attorneys' fees and expenses, Plaintiff will receive $11,538. Ltr. at 5.

Under the proposed settlement, Plaintiff will receive meaningful compensation. The parties agree that assuming Plaintiff was "100% successful on all of his underlying claims," Plaintiff would be entitled to approximately $16,757 in unpaid wages, "not including any additional monetary relief that he may have been entitled to under the FLSA or NYLL." Ltr. at 2. Plaintiff had additionally requested $16,757.14 in liquidated damages, and $10,000 for violations of the New York Labor Law for a total of $43,514.29 in possible damages. [ECF No.

32 at ¶ 25]. Here, the proposed settlement amount of $19,000 is nearly one-half of Plaintiff's best case damages scenario, and the amount Plaintiff will actually receive after subtracting attorneys' fees and expenses is more than roughly one-fourth his best-case damages scenario. Further, Plaintiff acknowledges there is litigation risk in achieving his maximum recovery as there were "factual disputes over the dates of his employment, the number of hours that Plaintiff worked each week and the amounts paid to Plaintiff." Ltr. at 2. Courts in this district consistently find that settlement amounts that total one-fourth of the maximum recovery are reasonable, especially so when there are "significant litigation risks to a plaintiff achieving their best-case-scenario recovery." *See Al Sweiki v. Cent. Park Food Corp.*, No. 23 CIV. 5706 (AEK), 2025 WL 406729, at *2 (S.D.N.Y. Feb. 5, 2025) (concluding proposed settlement constituting "approximately 10.9 percent of Plaintiff's maximum projected recovery, and 24.7 percent of his unpaid wages" to be fair); *Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-cv-7476 (AEK), 2023 WL 3993933, at *3 (S.D.N.Y. June 14, 2023) (approving settlement amount that was 8 percent and 9 percent of two individual plaintiffs' total possible recovery); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (concluding that the proposed settlement amount, which is slightly less than one-fourth of total possible damages recovery was fair); *Aguilar v. N & A Prods. Inc.*, No 19-cv-1703 (RA), 2019 WL 5449061, at *1-2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of $40,000 where plaintiff's estimated possible recovery was $570,000 and collecting similar cases).

The Court additionally finds the settlement amount fair and reasonable because this settlement will enable the parties to avoid the inevitable expenses related to proceeding with the litigation, including discovery, motion practice, and a trial. Ltr. at 3; *see also Cronk*, 538 F. Supp. 3d at 323-24; *Briggs v. DPV Transp., Inc.*, No. 21-cv-6738 (KMK), 2022 WL 562935, at

*2 (S.D.N.Y. Feb. 23, 2022) (noting bona fide disputes over claims "militate in favor of approval, as settlement avoids the expense, burden, and risk associated with going to trial"); *Al Sweiki*, 2025 WL 406729, at *3; *Andreyuk*, 2023 WL 3993933, at *3.

Further, the settlement agreement was the product of arms-length bargaining between experienced counsel at a court-annexed mediation and there is no suggestion whatsoever of fraud or collusion. Ltr. at 3-4 (noting that the "settlement amount was only achieved after hours of continued negotiations at a court-annexed mediation" between sophisticated counsel who specialize in litigating FLSA and NYLL matters).

The Court also finds the requested attorneys' fees and expenses to be reasonable. Counsel for Plaintiff requests one-third of the settlement award less their expenses, which is consistent with Plaintiff's retainer agreement, amounting to $5,768 in attorneys' fees.  Ltr. at 5; *see also* Retainer Agreement.  The Court finds the requested fee reasonable and notes that courts in this District "routinely award attorneys' fees based on contingent agreements up to one third of the settlement." *See, e.g.*, *Campos v. Sixtyone Reade Pizza Inc.*, No. 19-CV-2414, 2021 WL 3501193, at *1 (S.D.N.Y. Aug. 9, 2021) (collecting cases); *Araus v. Primos Live Poultry Inc.*, No. 24-cv-1044 (MKV), 2025 WL 1616849, at *1-2 (S.D.N.Y. May 2, 2025) (approving proposed attorneys' fees of approximately one-third of the total settlement amount after deducting costs and noting courts in this circuit "commonly approve of a one-third contingency fee"); *Al Sweiki*, 2025 WL 406729, at *4 (noting the same); *Coyotecalt v. 23rd & 9th Rest. Corp.*, No. 1:23-cv-03614 (SDA), 2024 WL 1407263, at *2 (S.D.N.Y. Apr. 2, 2024).

Plaintiff's counsel also seeks an award of $1,694 in expenses, which consists of the $405 filing fee, $1,189 for the cost of service of process on all Defendants, and $100 for the cost of non-military affidavits.  Ltr. at 5.  "Counsel in FLSA cases may be awarded reasonable out-of-

pocket expenses that are properly substantiated." *Al Sweiki*, 2025 WL 406729, at *4; *see also Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts."). Here the filing fee is reflected on the docket and counsel has provided invoices documenting the other costs. [ECF No. 57-4]. The Court finds the request for costs reasonable as the costs are sufficiently substantiated and are "of the type commonly reimbursed by courts in this District." *Cortes*, 2016 WL 3455383, at *6.

## CONCLUSION

For the foregoing reasons, the settlement is approved as fair and reasonable. The Court ORDERS that the case be dismissed with prejudice. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  **February 23, 2026**     **MARY KAY VYSKOCIL**
   **New York, NY**       **United States District Judge**

6